**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CARLOS EMILIO RODRIGUEZ
JUAREZ,

               Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.   20-73815

Agency No. A209-127-654

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2022[**]
San Francisco, California

Before: BYBEE, CALLAHAN, and COLLINS, Circuit Judges.

Carlos Emilio Rodriguez Juarez is a citizen of Honduras who entered the

United States without a valid entry document on August 15, 2016. An immigration

judge (IJ) denied Rodriguez Juarez's applications for asylum, withholding of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture (CAT). The Board of Immigration Appeals (BIA) affirmed. Petitioner argues for relief on two grounds.[1] First, petitioner contends that the IJ's adverse credibility determination was clearly erroneous because petitioner subsequently recanted his inconsistent testimony. Second, petitioner asserts that the IJ erred in finding that he was ineligible for CAT protection because he had failed to establish that the government would acquiesce to his torture or that he was unable to relocate and avoid harm.[2] We have jurisdiction under 8 U.S.C. § 1252(a)(1). We deny his petition.

Where the BIA affirms the IJ while citing its decision in *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (B.I.A. 1994), and adding its own analysis, we review both decisions together and review the agency's factual findings for substantial

---

[1] Petitioner does not contest the agency's findings with respect to the lack of a nexus between his alleged persecution and a particular social group—failing in his briefing before this court to mention either of his proposed social groups of "young men who resist police corruption" or "family"—and any challenge to them is forfeited. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("[W]e generally will not take up arguments not raised in an alien's opening brief before this court."). Accordingly, he fails to meet his burden of proof for asylum and withholding. *See Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016).

[2] Although petitioner attempts to raise this issue before this court, the BIA specifically declined to address these findings by the IJ and instead predicated denial of petitioner's CAT claim solely on the adverse credibility determination.

evidence. *See Bondarenko v. Holder*, 733 F.3d 899, 906 (9th Cir. 2013); *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003). Under this standard, we must uphold the findings unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992). When applying this standard of review, we may not re-weigh the evidence, *Gu v. Gonzales*, 454 F.3d 1014, 1018–19 (9th Cir. 2006), and may only reverse if "no reasonable factfinder could have reached the agency's result," *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 703 (9th Cir. 2022) (quoting *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007)). As long as the IJ has provided specific and cogent reasons for finding the applicant not credible, "only the most extraordinary circumstances will justify overturning [the agency's] adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010) (quoting *Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005)).

The IJ's adverse credibility determination was supported by substantial evidence. Although petitioner claimed before the IJ that he received a single death threat from the Mara 18 gang for his refusal to pay a "war tax," the IJ permissibly found petitioner lacked credibility because of his prior statement to an immigration officer in a border patrol interview on August 24, 2016 that he had no fear of

3

returning to Honduras and came to the United States only "[t]o find work." *See id.* at 1047 ("[W]hen an inconsistency is at the heart of the claim it doubtless is of great weight."). The IJ properly considered and rejected petitioner's explanation that he was nervous. Although petitioner asserts that the IJ erred in failing to honor his recantation of his statement to the immigration officer, an IJ is not required to interpret evidence as an applicant advocates. *See Don*, 476 F.3d at 744. Rather, the IJ must only "consider the petitioner's explanation for any inconsistency" while excluding any "utterly trivial inconsistency that . . . [has] no bearing on a petitioner's veracity." *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014) (brackets in original) (internal quotation marks omitted). The IJ was best positioned to consider the testimony in its context. And, the IJ provided support from the record for his conclusion. As petitioner was found to lack credibility and presented no additional information in support of his claims, the IJ and BIA did not err in determining that petitioner failed to meet his burden of proof. *See Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017) (holding that an adverse credibility determination precludes CAT protection where the CAT claim is "based on the same statements . . . that the BIA determined to be not credible" (quoting *Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015), *overruled on other grounds by Alam v. Garland*, 11 F.4th 1133 (9th Cir. 2021) (en banc))).

**PETITION DENIED.**